UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARLA MOORE,<br><br>                    Plaintiff,<br><br>        v.<br><br>LOWE'S HOME CENTERS, LLC, d/b/a<br>LOWE'S HOME IMPROVEMENT, a<br>Washington Corporation,<br><br>                    Defendant. | CASE NO. 14-1459 RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL; PLAINTIFF'S MOTIONS TO SEAL; AND DEFENDANT'S MOTION TO SEAL |

This matter comes before the Court on (1) Plaintiff's Motion to Compel Production of Improperly Withheld Documents and Responses to Discovery Regarding Destruction of Plaintiff's and Other Witnesses' Email (Dkt. 45); (2) Plaintiff's Motion to Seal Certain Exhibits to the Declaration of Robin J. Shishido in Support of Plaintiff's Motion to Compel (Dkt. 44); (3) Defendant Lowe's L.R. 5(g) Motion to Seal (Dkt. 57); and (4) Plaintiff's Motion to Seal Portions of Reply Brief and Supplemental Declaration, and Exhibit CC to the Supplemental Declaration (Dkt. 64). The Court has considered the pleadings filed and the remainder of the file herein.

1   Plaintiff asserts claims for unlawful employment practices in violation of the Washington
2   Law Against Discrimination, RCW 49.60, et seq. ("WLAD"); the Family Medical Leave Act, 29
3   USC § 2611 et seq. ("FMLA"); and Washington's Family Leave Act, RCW 49.78 et seq.
4   ("FLA"). Dkt. 26.  Plaintiff now moves to compel responses to discovery and particular
5   discovery documents.  Both parties also filed motions to seal portions of their briefing related to
6   Plaintiff's motion. For the reasons stated below, the motion to compel should be granted in part.
7   The First Motion to Seal should be denied in part, and the Second and Third Motions to Seal
8   should be denied.

## I.   FACTS AND PROCEDURAL HISTORY

**A.  BACKGROUND FACTS IN AMENDED COMPLAINT**

Plaintiff alleges that Defendant discriminated against Plaintiff based on her disabilities, retaliated against her for seeking accommodation for those disabilities, subjected her to harassment and discrimination based on gender and pregnancy, retaliated against her when she complained of said harassment and discrimination, interfered with her rights to take medical leave, retaliated against her for trying to take that leave, and ultimately terminated her based on discriminatory and retaliatory motives. Dkt. 26, at 2.  Plaintiff contends that these actions violate the WLAD, the FMLA, and the FLA. *Id.*

Plaintiff argues that in or around February 2010, she was demoted from a management position to a non-management position because she was pregnant. Dkt. 26, at 3. Plaintiff further argues that each paycheck she received after this demotion reflected a reduced wage from the paycheck before it, until she was eventually fired based on gender and pregnancy on or about February 21, 2013. Dkt. 25, at 3-4. Before her termination, Plaintiff argues that she and other similarly situated employees were subjected to discrimination, harassment, and retaliation and

1  made numerous complaints to management and HR. *See* Dkt. 26, at 4-8.  As a result of these

2  actions, Plaintiff claims that she suffered from medical disabilities. Dkt. 26, at 6. Plaintiff asserts

3  that she was approved for protected intermittent leave to treat those disabilities, and that during

4  that leave, her employment was terminated. *Id.*

5      **B.  MOTIONS**

6         1.  <u>Motion to Compel</u>

7      On January 19, 2016, Plaintiff filed Plaintiff's Motion to Compel Production of

8  Improperly Withheld Documents and Responses to Discovery Regarding Destruction of

9  Plaintiff's and Other Witnesses' Email. Dkt. 45.

10      In response, Defendant filed Defendant Lowe's Opposition to Plaintiff's Motion to

11  Compel (Dkt. 53) and Declaration of Susan S. Joo in Support of Defendant's Opposition to

12  Plaintiff's Motion to Compel (Dkt. 54) on February 1, 2016. Portions of the response were

13  redacted. Dkt 53, at 13-14. Portions of Exhibit F in the Declaration of Susan S. Joo were

14  redacted. Dkt. 54-1.

15      Plaintiff filed Plaintiff's Reply to Defendant Lowe's Opposition (Dkt. 65) on February 5,

16  2016 in conjunction with Supplemental Declaration of Robin J. Shishido in Support of Plaintiff's

17  Motion to Compel (Dkt. 66), which contains Exhibits AA-EE (Dkt. 66-1). Portions of the Reply

18  (Dkt. 65, at 2-3) and portions of the Supplemental Declaration (Dkt. 66, at 3) were redacted, and

19  Exhibit CC (Dkt. 69) was filed under seal.

20         2.  <u>First Motion to Seal</u>

21      On January 19, 2016, Plaintiff also filed Plaintiff's Motion to Seal Certain Exhibits to the

22  Declaration of Robin J. Shishido in Support of Plaintiff's Motion to Compel. Dkt. 44.  Included

23  in the Declaration were three exhibits – B, I, and W (Dkts. 48-50) – marked as "Confidential" by

24

Defendant under the parties' Confidentiality Agreement and filed under seal. Dkt. 44, at 2. Defendant submitted Defendant's Response in Support of Plaintiff's Motion to Seal on February 2, 2016. Dkt. 63.

### 3. Second Motion to Seal

On February 1, 2016, Defendant filed Defendant Lowe's L.R. 5(g) Motion to Seal, requesting that the unredacted versions of Defendant's Opposition to Plaintiff's Motion to Compel (Dkt.58) and Exhibit F from the Declaration of Susan S. Joo (Dkt. 59) remain under seal. Dkt. 57.

### 4. Third Motion to Seal

On February 5, 2016, Plaintiff filed Motion to Seal Portions of Reply Brief and Supplemental Declaration, and Exhibit CC to the Supplemental Declaration. Dkt. 64. Unredacted versions of the Reply Brief (Dkt. 67) and Supplemental Declaration (Dkt.68) were filed under seal. Exhibit CC to the Supplemental Declaration was filed under seal. Dkt. 69.

## II.   DISCUSSION

**A.   MOTION TO COMPEL**

In her Motion to Compel, Plaintiff asks this Court to (1) order the production of fact-investigation documents withheld on the basis of privilege and work product; (2) order Defendant to supplement discovery regarding its destruction of Plaintiff's and witnesses' emails and email accounts; (3) order the production of personnel records withheld by Defendant; and (4) compel additional searches for, and production of, emails responsive to Plaintiff's discovery requests. *See* Dkt. 45.

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26 (b)(2)(B) further provides:

> Specific Limitations on Electronically Stored Information. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Plaintiff's Motion to Compel Production of Improperly Withheld Documents and Responses to Discovery Regarding Destruction of Plaintiff's and Other Witnesses' Emails (Dkt. 45) should be granted in part and denied in part.

    1.  <u>Documents Withheld on the Basis of Privilege and/or Work Product.</u>

Plaintiff claims that Defendant has not met its burden in proving that the withheld communications are privileged; that Defendant improperly designated documents as work product; and that – to the extent that these protections do exist – Defendant has waived them by relying on its internal investigation to justify Plaintiff's termination. Dkt. 45, at 8-9.

Defendant claims that it properly withheld communications between non-attorneys because privilege extends to corporate employees for confidential communications with corporate attorneys and for confidential communications relating to legal advice from those attorneys. Dkt. 60, at 9. Defendant also claims to have met its burden with regard to EthicsPoint

communications unrelated to the company's investigation into Plaintiff. *Id.* at 12. Defendant claims to have properly established work product protection for communications occurring after April 25, 2013, and that it has not waived any work product or privilege protections. *Id.* at 9-11.

When considering privilege for communications from non-attorney employees, a corporation's privilege extends to communications between corporate employees and corporate counsel as long as the communications are "made at the direction of corporate superiors in order to secure legal advice." *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir.1996) (citing *Upjohn*, 449 U.S. at 390–94, 101 S.Ct. 677). Legal advice must be the predominant purpose of those communications. *In re Cty. of Erie*, 473 F.3d 413, 420 (2d Cir. 2007). If communications or documents are not created for the predominant purpose of legal advice, but rather for business or HR advice, they are not privileged. *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 45 (E.D.N.Y. 2013) *affirmed*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014).

Whether documents should be considered work product is a different analysis, one that turns on whether the documents are prepared "in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3).

Defendant states that it anticipated litigation as of April 25, 2013. Dkt. 60, at 13. Therefore, documents created prior to that date are not work product. Similarly, investigative communications made before April 25, 2013, in relation to Plaintiff's complaints and termination fall outside the realm of legal advice and are thus not privileged.  Investigation into employee complaints or misconduct serves a predominantly HR function, especially if the investigation takes place before litigation is anticipated. Defendant has not provided sufficient information to distinguish its activities as legal in nature.

As to the communications unrelated to investigations regarding Plaintiff, Defendant does not provide sufficient support for its assertion that names and dates of access for its EthicsPoint reports are privileged.  The information could be relevant to Plaintiff's claim, depending on Plaintiff's theory of the case

Defendant should produce documents and communications dated before April 25, 2013, relating to investigations into Plaintiff's complaints and termination. Defendant should produce information regarding access and review of EthicsPoint reports, including those not directly related to investigations of Plaintiff's complaints. As to this discovery issue, Plaintiff's motion should be granted.

2. <u>Defendant's Responses Regarding Email Retention.</u>

Plaintiff claims that if documents created before Plaintiff's termination are work product, as Defendant elsewhere argues, then Defendant must have anticipated litigation at the time of the documents' creation, so deletion of Plaintiff's and witnesses' emails violated Defendant's obligation to preserve evidence. Dkt. 45, at 11-12.  Plaintiff also claims that Defendant has provided no evidence to show that it properly deleted Plaintiff's emails in the course of business, and seeks additional information relating to Defendant's preservation policies and efforts. *Id.* at 12.

Defendant responds that the earliest point at which it would have been on notice to preserve documents was April 25, 2013, when it received a demand from Plaintiff's attorney for Plaintiff's personnel file. Dkt. 60, at 13.  Defendant claims that it automatically deletes a terminated store employee's email after 7 days and any back-up after 30 days. *Id.* at 14.  Defendant further asserts that it properly deleted the accounts of Plaintiff and witnesses – Karina Mangione, Kym Cerveny, and Clint Fahrlender – according to this policy. *Id.* Additionally,

1  Defendant claims that Plaintiff's request for further supplementation is moot because Defendant
2  has already supplemented discovery regarding email retention policies and its practices in this
3  instance. *Id.*

4  As discussed in the previous section, it appears that Defendant was formally on notice of
5  this litigation as of April 25, 2013. Defendant has supplemented its responses by articulating its
6  general preservation policies. Dkt. 59.  However, only one of the policies provided was in effect
7  at the time of Plaintiff's termination. Dkt. 69.  Since Defendant claims that it deleted the relevant
8  email accounts during the ordinary course of business (Dkt. 60, at 13), Defendant should provide
9  the relevant policies it operated under at the time it deleted those accounts, specifically, the
10 Records Retention Schedule and Legal Hold, as defined in the Records Management Policy
11 (Dkt. 69). Beyond any policies in place, Defendant should also provide Plaintiff with the actual
12 date of email account deletion, and the person who made the deletion or the process of deletion,
13 if known. This information is relevant and proportional to Plaintiff's claims. As to this discovery
14 issue, Plaintiff's motion should be granted in part and denied in part.

15      3.   Personnel Records.

16  Plaintiff claims that Defendant improperly refused to supply relevant personnel records.
17 Dkt. 45, at 12. Plaintiff asserts that Defendant has failed to (1) provide full records for
18 individuals who allegedly harassed, discriminated, and retaliated against Plaintiff; (2) provide
19 any personnel records of store managers, HR representatives, and investigators who were
20 involved in the investigation of Plaintiff's complaints and the termination of Plaintiff's
21 employment; (3) any personnel records of comparators. *Id.,* at 12-13.  Plaintiff also asserts that
22 the personnel records she requests contain "pattern and practice," "comparator," and "pretext"
23
24

evidence. *Id.* at 13. Plaintiff specifically names Tim Shaw as an employee whose records are necessary to her claim because he was named in the complaint as a harassing party. *Id.* at 12.

Defendant responds that Plaintiff is not entitled to the remaining personnel records because those records are for employees who allegedly received or investigated her complaints or individuals who never held the same position she did. Dkt. 60, at 15. Defendant argues that the privacy interests of these employees outweigh any need for this information, citing to Article I, § 7 of the Washington Constitution and numerous cases upholding employees' right to privacy. *Id.* Defendant provided personnel records for the eight employees who were specifically named in the interrogatories and named as alleged harassers, as well as and the records for two employees named as comparators. *See* Dkt. 54. Defendant argues that Plaintiff has not shown any factual basis for how the records of HR managers and investigators will show pattern and practice or pretext, and that the other two comparators listed left the company long before the time period at issue, did not hold the same job, did not report to the same supervisors, and did not engage in similar activity to the Plaintiff. Dkt. 60, at 16-17. Additionally, Defendant argues that it was not on constructive notice that Tim Shaw's files would be requested, because he was not specifically named in the interrogatories. *Id.*

In Plaintiff's Amended Complaint, District Manager Tim Shaw is specifically named as one of the alleged harassers. Dkt. 26, at 3. Although Plaintiff does not name Tim Shaw in her Interrogatory and Request for Production (Dkt 47-1), Tim Shaw's personnel file, like that of the other alleged harassers, is relevant and proportional discovery to Plaintiff's claim. As to the records of other employees, they may have some minimal relevance; however, that relevance is tangential and not proportional to Plaintiff's claims. Plaintiff is entitled to documentation regarding the investigation of her complaints and her termination, and may depose employees

1 who handled those matters. As to this discovery issue, Plaintiff's motion should be granted in
2 part and denied in part.

3     4. <u>Email Searches.</u>

4     Plaintiff claims that Defendant failed to conduct proper email searches, as evidenced by
5 emails in Plaintiff's possession that were not uncovered in Defendant's search. Dkt. 45, at 13.
6 Plaintiff asserts that Defendant should demonstrate that it has done a diligent search and that
7 Defendant should conduct additional searches using terms requested by Plaintiff. *Id.* Plaintiff
8 requests that these new searches be conducted without including Plaintiff's first or last name, and
9 that they should be conducted on the email accounts of each witness. *Id.*

10     Defendant claims that it has already reviewed 21,000 emails from 17 custodians, at a cost
11 of $48,074; that the emails Plaintiff claims Defendant should have uncovered were from 2012
12 and likely deleted by the account holders due to passage of time; that it has produced all formal
13 complaints similar to Plaintiff's that occurred at the same store during the relevant time period;
14 and that it conducted searches, file reviews, and interviews to uncover similar informal
15 complaints. Dkt. 60, at 18. Defendant asserts that a search using the 88 new search terms – which
16 include annoy*, bull, click*, dad, date*, hand, rack, rod, box – in conjunction with removing
17 Plaintiff's name from the search would result in hundreds of thousands of irrelevant emails. *Id.* at
18 19.

19     Plaintiff's request for email searches is overly broad and not proportional to the case.
20 Plaintiff refers to a multi-plaintiff case to support her assertion that Defendant should conduct
21 searches without using Plaintiff's name. Dkt. 45, at 15. Searching without the use of Plaintiff's
22 name would not be proportional in this single-plaintiff case. While the additional search terms
23 could possibly yield some relevant results, Plaintiff has not provided specifics about what
24

Plaintiff reasonably expects such a search to show, and Plaintiff has not shown that this information could not be found through other means. For example, Plaintiff has not shown that she would be unable to uncover the same information by asking additional questions of witnesses already scheduled to be deposed. As to this discovery issue, Plaintiff's motion should be denied.

**B. MOTIONS TO SEAL**

Western District of Washington Local Civil Rule 5(g)(3) provides:

> There is a strong presumption of public access to the court's files. With regard to dispositive motions, this presumption may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review.

1. First Motion to Seal (Exhibits to the Declaration of Robin Shishido)

Plaintiff's Motion to Seal Certain Exhibits to the Declaration of Robin J. Shishido concerns (Exhibit B) Defendant's Supplemental Responses to Plaintiff's Discovery Requests, specifically Interrogatory Nos. 3, 6, 10, and 11 (Dkt. 48); (Exhibit I) handwritten notes about the investigation into Plaintiff's access of employee information (Dkt. 49); and (Exhibit W) a copy of the EthicsPoint Report regarding the investigation into Plaintiff's complaint of harassment, portions of which are redacted (Dkt.50). Dkt. 63.

Plaintiff proposes to file these documents under seal due to the parties' agreement regarding confidential documents. Dkt. 44. Plaintiff indicates that she does not feel that the documents merit being filed under seal. *Id*. Plaintiff points out that as the party seeking to restrict access to these documents, the Defendant, has the burden to make the required showing under the Rules, and if Defendant fails to make this showing, the documents should not be sealed. *Id*.

Defendant argues that because Exhibit I is not cited to in Plaintiffs Motion to Compel, there is no need for public access. Dkt. 63, at 3. Defendant asserts that Exhibit W is only cited to

in support of Plaintiff's claim that pages of the exhibit were redacted, so there is no compelling argument for public access. *Id.* Defendant claims that Exhibit B, specifically Interrogatories 3, 6, 10, and 11, contains sensitive employee information that is routinely found to be confidential, and Defendant has provided a version of the Exhibit with the confidential information redacted. *Id.* at 4.

With regard to Exhibits I and W, Defendant has not made a sufficient showing that the information contained within those exhibits warrants them being removed from public access. The protection of non-party information in Exhibit B may be proper; however, Defendant has not made a showing that the entirety of the document should be sealed. The proposed redacted version, which protects non-party information, is consistent with the spirit of LCR 5.2 and will satisfy both the privacy interests of non-parties and the presumption of public access. This motion should be denied in part as to Exhibits I and W, but granted insofar as the record contains a redacted copy of Exhibit B.

    2.   <u>Second Motion to Seal (Portions of Defendant's Opposition and Exhibit F from the Declaration of Susan S. Joo)</u>

On February 1, 2016, Defendant filed Defendant Lowe's L.R. 5(g) Motion to Seal, requesting that the unredacted versions of Defendant's Opposition to Plaintiff's Motion to Compel (Dkt.58) and Exhibit F from the Declaration of Susan S. Joo (Dkt. 59) remain under seal. Dkt. 57. Pages 8 and 9 of the Opposition brief and portions of Exhibit F contain information regarding Defendant's email retention practices. *Id.* at 2.

Defendant argues that these documents contain confidential business information that is not distributed to employees or to the general public. *Id.* at 2-3. Defendant cites to cases regarding proprietary information and trade secrets in support of this argument, but has made no

ORDER ON PLAINTIFF'S MOTION TO
COMPEL; PLAINTIFF'S MOTIONS TO SEAL;
AND DEFENDANT'S MOTION TO SEAL- 12

showing that these policies and practices are proprietary or a trade secret. *Id.* at 3. Further, Defendant has made no showing that the policies themselves, which are at issue in the third motion to seal, should remain under seal. This motion should be denied.

    3.   <u>Third Motion to Seal (Portions of Plaintiff's Reply and Supplemental Declaration)</u>

On February 5, 2016, Plaintiff filed Motion to Seal Portions of Reply Brief and Supplemental Declaration, and Exhibit CC to the Supplemental Declaration. Dkt. 64. Unredacted versions of the Reply Brief (Dkt. 67) and Supplemental Declaration (Dkt.68) were filed under seal. Exhibit CC to the Supplemental Declaration was filed under seal. Dkt. 69. Exhibit CC is Lowe's Record Management Policy, and the relevant portions of the other two documents regard the content of this policy and Defendants supplemental answers regarding its preservation practices. Dkt.64.

As with the first motion to seal, Plaintiff makes this motion due to her agreement with Defendant regarding documents marked as confidential. *Id.* Plaintiff indicates that she does not feel that the documents warrant being filed under seal, and points out that the burden is on Defendant to make a showing that a seal is warranted. *Id.*

Defendant has filed no response to this motion to make a showing that these documents should remain under seal. This motion should be denied.

## III. ORDER

**IT IS ORDERED** that:

- Plaintiff's Motion to Compel Production of Improperly Withheld Documents and Responses to Discovery Regarding Destruction of Plaintiff's and Other Witnesses' Email (Dkt. 45) **IS GRANTED IN PART AND DENIED IN PART**, as stated herein;

- Plaintiff's Motion to Seal Certain Exhibits to the Declaration of Robin J. Shishido in Support of Plaintiff's Motion to Compel (Dkt. 44) **IS DENIED IN PART**, as stated herein**;**

1     •   Defendant Lowe's L.R. 5(g) Motion to Seal (Dkt. 57) **IS DENIED**;

2     •   Plaintiff's Motion to Seal Portions of Reply Brief and Supplemental Declaration, and Exhibit CC to the Supplemental Declaration of Robin J. Shishido (Dkt. 64) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of February, 2016.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO
COMPEL; PLAINTIFF'S MOTIONS TO SEAL;
AND DEFENDANT'S MOTION TO SEAL- 14