1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

MARLA MOORE,

Plaintiff,

12

v.

13

LOWE'S HOME CENTERS, LLC d/b/a
LOWE'S HOME IMPROVEMENT,

14

Defendant.

15

CASE NO. 2:14-cv-01459-RJB

ORDER ON DEFENDANT LOWE'S
HOME CENTERS, LLC'S MOTION
FOR SUMMARY JUDGMENT AND
PLAINTIFF'S CROSS MOTION FOR
PARTIAL SUMMARY  JUDGMENT

16

17

THIS MATTER comes before the Court on Defendant Lowe's Home Centers, LLC's

Motion for Summary Judgment (Dkt. 76) and Plaintiff's Cross Motion for Partial Summary

18

Judgment (Dkt. 98). The Court has considered the pleadings filed in support and in opposition to

19

the motions, oral argument, and the remainder of the file herein.

20

I.        BACKGROUND

21

The Court recites the facts substantiated by the record in the light most favorable to

22

Plaintiff.

23

*Workplace incidents and environment.*

24

ORDER ON DEFENDANT LOWE'S HOME
CENTERS, LLC'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S CROSS
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 1

1    This case arises out of Plaintiff's employment with and subsequent termination by

2    Defendant. Defendant hired Plaintiff as a Department Manager in 2002 and promoted her to

3    Administrative Manager in 2004. Dkt. 77-1 at 8-10; Dkt. 100 at 2, 3. During late 2008, Plaintiff

4    informed Store Manager Kent Chapman of her first pregnancy. Plaintiff returned from maternity

5    leave in June of 2009, and in December 2009, Plaintiff reported to HR Manager Keith Lynch that

6    she had been subjected to inappropriate comments, mocked for her pregnancy weight, invaded

7    while pumping breast milk, and stripped of all management duties. *Id*. at 3. HR Manager Lynch

8    told Plaintiff that he would take no action because Plaintiff had no documents to prove her

9    claims. *Id*. Following the inaction by HR Manager Lynch, Plaintiff began to detail similar

10   conduct by journal. (Defendant later confiscated the journal, which Defendant has not been able

11   to produce in discovery.) *Id*.

12       During the Spring of 2010, Plaintiff became pregnant with her second child. Zone

13   Manager Elton Roy issued Plaintiff a disciplinary slip for being tardy, telling Plaintiff that she

14   "need[ed] to get her digestive order under control." Dkt. 100 at 4. Plaintiff had previously

15   complained to HR of her severe morning sickness, and at the direction of Store Manager

16   Chapman, the disciplinary action was rescinded. Dkt. 99 at 58. Store Manager Chapman

17   officially demoted Plaintiff from Administrative Manager to Receiving Clerk on February 10,

18   2010. Dkt. 100 at 2-4. He told Plaintiff that "she could have been an Op[erations] Manager if

19   [she] hadn't gotten pregnant." *Id*.; Dkt. 99 at 206.

20       The Administrative Manager position, later known as Assistant Store Manager, was

21   promptly filled by a female whom Plaintiff believes had an inappropriate relationship with a

22

23

24   ORDER ON DEFENDANT LOWE'S HOME
     CENTERS, LLC'S MOTION FOR SUMMARY
     JUDGMENT AND PLAINTIFF'S CROSS
     MOTION FOR PARTIAL SUMMARY
     JUDGMENT- 2

1   manager. *Id.* The position became vacant again in September of 2011.[1] Defendant did not

2   affirmatively offer Plaintiff the position and hired Jay Wayland, a person with less management

3   experience than Plaintiff. *Id.*

4       Plaintiff "caught" Assistant Store Manager Wayland staring at her behind in October of

5   2011, an incident that another coworker, Clerk Brittany Beaulieu, joked about with Assistant

6   Store Manager Wayland, and about which Plaintiff complained to HR Manager Gail Smirnov

7   and Store Manager Brian Sadler. Dkt. 99 at 49-51; Dkt 100 at 5. On multiple occasions Assistant

8   Store Manager Wayland "glared" at Plaintiff and followed her around the store. *Id.* On at least

9   two occasions Assistant Store Manager Wayland sat next to Plaintiff in the receiving office and

10  positioned himself so that in order to exit Plaintiff had to brush up against him, which made

11  Plaintiff feel intimidated. Dkt. 99 at 46, 51, 212, 266. Plaintiff had positive work reviews, but

12  after Plaintiff's HR complaint, Assistant Store Manager Wayland increasingly scrutinized

13  Plaintiff's performance and issued disciplinary write-ups for minor issues. *Id.* at 5, 6. He also

14  modified Plaintiff's work responsibilities so that Plaintiff was responsible for a task that she had

15  difficulty completing on her own. *Id.*

16      At some point after October of 2011, Clerk Beaulieu called Plaintiff a "fucking bitch,"

17  joked about comparing parts of a shrink wrap machine to male genitalia with another coworker,

18  and remarked that gay people are "disgusting" and are "going to burn in hell." Dkt. 100 at 4-6.

19  Plaintiff has close friends who are gay. *Id.* In January 2013, Clerk Beaulieu told Plaintiff that she

20  would get Plaintiff fired, a threat that Plaintiff reported to Area HR Manager Melissa Toney and

21

22  ───────────────

23          [1] Note that the three year statute of limitations for Plaintiff's claims ran on August 28, 2011.

24  ORDER ON DEFENDANT LOWE'S HOME
    CENTERS, LLC'S MOTION FOR SUMMARY
    JUDGMENT AND PLAINTIFF'S CROSS
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 3

1 Store Manager Brian Sadler without response. *Id*. Plaintiff reported these and other interpersonal

2 incidents via email to either management, HR, or both. *Id*.; Dkt. 99 at 201-220.

3        Because of the severe workplace stress, in early 2012 Plaintiff was diagnosed with Acute

4 Stress Disorder and Dysthymic Disorder and Depression, and she was forced to take intermittent

5 FMLA leave. Plaintiff's medical provider prescribed leave of several hours per week for therapy

6 for a duration of one year, starting in March of 2012. Dkt. 100 at 6; Dkt. 99 at 225-227.

7 Plaintiff's condition caused her an increased need to urinate, a condition that Plaintiff reported to

8 Area HR Manager Toney. Dkt. 100 at 6. Defendant made efforts to accommodate the condition.

9 *Id*. However, Plaintiff's bathroom breaks were a subject of discussion for other employees. Clerk

10 Beaulieu, in an email to Area HR Manager Toney on November 13, 2012, complained as

11 follows:

12      I know everyone's "hands are tied" when it comes to any issue with Marla. As a human
     being I need to express a few things.
13

     I know that Marla is protected for FMLA for her bathroom breaks but she without a
14      doubt is taking advantage of it. . . . Between Marla teaching FMLA classs, stealing
     company time and most recently leaving her keys in the lock in receiving and going to
15      break without them, it seems like there are different standards for some of us. . . . One
     can still be held accountable with an FMLA.
16

17 Dkt. 99 at 232-235.

18        Area HR Manager Toney and Store Manager Sadler exchanged emails in response to

19 Clerk Beaulieu's complaint. *Id*. In an email addressed to Store Manager Sadler, Area HR

20 Manager Toney stated that she was "concerned that the impression in the store is that Marla is

21 hands off," and she "encourage[d] [Store Manager Sadler] to partner with [HR Manager

22 Smirnov] to get some resolution." The email directed Store Manager Sadler to document any

23 conversation regarding "the key issue." *Id*. Store Manager Sadler's emailed response states:

24 ORDER ON DEFENDANT LOWE'S HOME
CENTERS, LLC'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S CROSS
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 4

1      In regards to the key situation it has been recorded so if there is a repeat offense we can hold her accountable. That being said [Loss Prevention Manager Jenn Tyson] was making a big deal about it yet she received no disciplinary action for assigning keys out to people not even on the key matrix. Jenn has targeted Marla on many occasions but will give [Clerk Beaulieu] a free pass for similar conduct . . . I just want to make sure we are being consistent when addressing these issues and not reacting to targeting on some individual parts.

5 *Id*.

6     *Investigations.*

7     Plaintiff complained to Area HR Manager Toney on August 8, 2012 that Clerk Beaulieu

8 had called her a "lazy ass" and that Assistant Store Manager Wayland had been watching her and

9 following her. Dkt. 99 at 221-224. HR Investigator Dante Childress investigated the complaint,

10 which included a phone interview with Plaintiff, and found the complaint to be unsubstantiated

11 *Id*. Defendant's Legal Counsel reviewed HR Investigator's report prior to administrative closure

12 of the incident on February 18, 2013. *Id*. On September 28, 2012, Plaintiff sent HR Investigator

13 Childress an email with a subject line, "it continues," in which she detailed "harassment" that

14 made Plaintiff feel "ganged up on." Dkt. 99 at 215. HR Investigator Childress responded to the

15 email by referring Plaintiff back to her store management. *Id*.

16     On December 19, 2012, Clerk Beaulieu filed an ethical complaint that alleged Plaintiff

17 was inappropriately photocopying company documents. Dkt. 77-6 at 6. In early 2013, Defendant

18 received anonymous letters from a person claiming to have accessed personal and financial

19 information of employees and customers and threatening to sell or leak the information. Dkt. 78

20 at 3. On February 19, 2013, Loss Prevention Investigator Shannon Clausen interviewed Plaintiff

21 about the anonymous letters, and Plaintiff denied writing them. *Id*. Plaintiff did admit to making

22 photocopies of confidential information but insisted it was for work-related reasons. *Id*. Although

23 the investigation yielded no verbal admissions by Plaintiff, Loss Prevention Investigator Clausen

24 ORDER ON DEFENDANT LOWE'S HOME CENTERS, LLC'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT- 5

1  testified that "every time I brought up the letter, Plaintiff would have a coughing fit," which she

2  found to be suspicious. Dkt. 99 at 160, 161.

3      *Termination.*

4      Defendant terminated Plaintiff's employment on February 21, 2013. Dkt. 99 at 237.

5  Plaintiff's written termination notice states "violation of company policies" as the basis for the

6  termination, detailing that "On 2/19/2013 you [Plaintiff] had admitted to making photo copies of

7  Lowe's proprietorship for your own personal file." *Id*. Plaintiff's termination followed a meeting

8  on February 20, 2013 that included Area HR Manager Toney, Loss Prevention Investigator

9  Clausen, and counsel for Defendant. *Id*. at 98. Area HR Manager Toney gave her opinion that

10 Plaintiff's photocopying violated an unspecified ethical policy and constituted a "316 violation"

11 for unproductive conduct, and at the close of the meeting, she and her supervisor recommended

12 Plaintiff's termination.  *Id*. at 104-108.

13     According to Area HR Manager Toney, Store Manager Sadler made the final decision to

14 terminate Plaintiff. Dkt. 74 at 4. When explaining to Plaintiff the basis for her termination, he

15 "stuck pretty close to the script," which was the written termination notice. Plaintiff testified that

16 Clerk Beaulieu, like Plaintiff, copied confidential documents necessary for work but was not

17 terminated.  Dkt. 99 at 165, 166.

18     After Plaintiff's termination, Plaintiff she relocated from Portland, Oregon to Orting,

19 Washington, where she began part-time employment in food service. Dkt. 120 at 3.

20     *Complaint and Defendant's affirmative defenses.*

21     Plaintiff filed the complaint on August 28, 2014 in King County, Washington. Dkt. 1 at

22 22. The case was removed to this Court, and Plaintiff filed the First Amended Complaint. Dkt.

23 26. Plaintiff alleges violations of the Washington Law Against Discrimination, RCW 49.60, *et*

24

ORDER ON DEFENDANT LOWE'S HOME
CENTERS, LLC'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S CROSS
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 6

1   *seq.* ("WLAD"); the Family Medical Leave Act, 29 USC § 2611 *et seq.* ("FMLA"); and

2   Washington's Family Leave Act, RCW 49.78 *et seq.* ("WFLA"). Defendant seeks summary

3   judgment on all claims and for Plaintiff to be precluded from seeking punitive damages. Dkt. 76.

4       Defendant timely provided an Answer to the Amended Complaint and invoked

5   affirmative defenses. Dkt. 27. Plaintiff seeks partial summary judgment in favor of striking the

6   following affirmative defenses:

7       (1) Plaintiff's failure to mitigate damages and to protect herself from avoidable
            consequences ("failure to mitigate defense");
8
9       (2) Plaintiff's unreasonable failure to take advantage of corrective or complaint
            procedures offered by Defendant ("*Faragher/Ellerth* defense");

10      (3) Legitimate factors other than unlawful factors motivated Defendant's
            employment action, and Defendant would have taken the same actions in the
11          absence of any unlawful motivating factors ("same decision defense");

12      (4) Waiver;

13      (5) Laches;

14      (6) Estoppel;

15      (7) Failure to exhaust administrative remedies.

16  Dkt. 27 at 18, 19, ¶¶3, 4, 6, 8, 9.

17              II.    SUMMARY JUDGMENT STANDARD

18      Summary judgment is proper only if the pleadings, the discovery and disclosure materials

19  on file, and any affidavits show that there is no genuine issue as to any material fact and that the

20  movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is

21  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

22  showing on an essential element of a claim in the case on which the nonmoving party has the

23  burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of

24  ORDER ON DEFENDANT LOWE'S HOME
    CENTERS, LLC'S MOTION FOR SUMMARY
    JUDGMENT AND PLAINTIFF'S CROSS
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 7

1   fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for

2   the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

3   (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

4   metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a

5   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

6   requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

7   *Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

8   *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

9        The determination of the existence of a material fact is often a close question. The court

10  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

11  e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect.*

12  *Service Inc.*, 809 F.2d at 630. For purposes of summary judgment motions, the court must

13  resolve any factual issues of controversy in favor of the nonmoving party only when the facts

14  specifically attested by that party contradict facts specifically attested by the moving party. The

15  nonmoving party may not merely state that it will discredit the moving party's evidence at trial,

16  in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*,

17  809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non specific statements in affidavits

18  are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife*

19  *Federation*, 497 U.S. 871, 888-89 (1990).

20                          III.    DISCUSSION

21  **A.  <u>Plaintiff's Claims</u>**

22        At oral argument, Plaintiff stated her intention to proceed with five claims. Reconciling

23  Plaintiff counsel's comments with the briefing, it appears that Plaintiff intends to proceed on

24  ORDER ON DEFENDANT LOWE'S HOME
    CENTERS, LLC'S MOTION FOR SUMMARY
    JUDGMENT AND PLAINTIFF'S CROSS
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 8

1  three WLAD claims, and wrongful termination claims under the FMLA and the WFLA.

2  Plaintiff's Response defends three WLAD claims: (a) a retaliation claim; (b) an "additional"

3  [2]discrimination claim, argued under several theories: refusal to reinstate, unlawful termination

4  based on gender, and unlawful termination based on disability; and (c) a hostile work

5  environment claim.  *See* Dkt. 98 at 22-27 and 33-35.

6      1.  WLAD Claims

7          a.  *Retaliation claim.*

8          The Washington Law Against Discrimination (WLAD) prohibits employers from

9  discriminating based on disability or sex, *inter alia.* RCW 49.60.180. Sex discrimination

10 includes pregnancy-related discrimination. *Hegwine v. Longview Fibre Co.*, 162 Wn. 2d 340,

11 349 (2007). "Summary judgment to an employer is seldom appropriate" for WLAD claims.

12 *Scrivener v. Clark College*, 181 Wn.2d 439, 446-48 (2014). To establish a prima facie case for

13 retaliation under the WLAD, a plaintiff must show that (1) she engaged in statutorily protected

14 activity, (2) an adverse employment action was taken, and (3) there is a causal link between the

15 activity and the adverse action. *Estevez v. Faculty Club of Univ. of Wash.*, 129 Wn.App. 774, 798

16 (Div. 1, 2005); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 965 (9th Cir.2004).  "Because

17 employers rarely will reveal they are motivated by retaliation, plaintiffs ordinarily must resort to

18 circumstantial evidence to demonstrate retaliatory purpose." *Vasquez v. State,* 94 Wn.App. 976,

19 985 (1999).

20

21 _____

22      [2] Retaliation may be the result of discrimination, and therefore could be viewed as one
   subset or type of discrimination claims, so Plaintiff's second WLAD discrimination claim is, in
23 that sense, an "additional" discrimination claim.

24 ORDER ON DEFENDANT LOWE'S HOME
   CENTERS, LLC'S MOTION FOR SUMMARY
   JUDGMENT AND PLAINTIFF'S CROSS
   MOTION FOR PARTIAL SUMMARY
   JUDGMENT- 9

1    Washington courts apply the *McDonnell Douglas* framework to retaliation claims where

2    there is only circumstantial evidence. *Short v. Battle Ground Sch. Dist.*, 169 Wn.App. 188, 204

3    (2012) (*disapproved of on other grounds by Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481, 501

4    (2014). The plaintiff bears the initial burden of establishing a prima facie case of retaliation. *Id*.

5    The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for

6    the adverse employment action, then back to Plaintiff to show pretext. A plaintiff satisfies the

7    pretext prong by showing either: (1) that the defendant's articulated reasons had no basis in fact,

8    (2) that the reasons were not really motivating factors for its decision, (3) were not temporally

9    connected to the adverse employment action, or (4) were not motivating factors for decisions for

10   other employees in the same circumstances. *Scrivener*, 181 Wn.2d at 447. The pretext prong is

11   also satisfied where a plaintiff shows that discrimination was a substantial factor that motivated

12   the defendant. *Id*. at 448.

13       Plaintiff argues that she engaged in statutorily-protected activity when she made written

14   and verbal complaints to HR and management about sexist comments and acts by colleagues, her

15   demotion based on her pregnancy, and other acts. Dkt. 98 at 23, 24. Plaintiff argues that

16   Defendant's retaliation was a substantial factor that motivated the following adverse employment

17   actions: failing to reinstate Plaintiff to the Assistant Store Manager position in February of 2010,

18   September of 2011, and December of 2012, changing Plaintiff's work schedule so that Plaintiff

19   was forced to work alone, issuing the November 2012 write-up for an arbitrarily-enforced, minor

20   infraction, and terminating Plaintiff's employment. Dkt. 98 at 25, 26. Plaintiff contends that

21   Defendant's pretext in terminating Plaintiff's employment can be shown by the stated reason for

22   firing Plaintiff, which changed over time and lacks support. Dkt. 98 at 26, 27.

23

24   ORDER ON DEFENDANT LOWE'S HOME
     CENTERS, LLC'S MOTION FOR SUMMARY
     JUDGMENT AND PLAINTIFF'S CROSS
     MOTION FOR PARTIAL SUMMARY
     JUDGMENT- 10

1      Defendant makes three primary arguments. First, concerning all "non-termination"

2  actions, Defendant argues that none of the actions constitute "adverse employment actions"

3  under the WLAD as a matter of law. Dkt. 76 at 27, 28. Second, concerning Plaintiff's

4  termination, which Defendant concedes is an adverse employment action, Defendant argues that

5  Plaintiff has not shown any connection between Plaintiff's termination and any statutorily-

6  protected activity or a protected status. Dkt. 76 at 29. Finally, Defendant argues that Plaintiff has

7  not made any showing of pretext. *Id*. at 29, 30.

8      With facts construed in her favor, Plaintiff meets her initial burden to make a *prima facie*

9  showing of retaliation. Plaintiff made multiple complaints throughout her employment of gender

10  discrimination to HR, which is a protected activity. *See* RCW 49.60.180(3). Defendant concedes

11  that termination is an adverse employment action, so the next element is satisfied.[3] Lastly, an

12  issue of material fact exists about the causal link between Plaintiff's protected activity and

13  Plaintiff's termination. The record arguably shows a pattern of antagonism following protected

14  conduct, which is sufficient to show causation. *Porter v. Cal. Dep't of Corr.*, 383 F.3d 1018,

15  1030 (9th Cir. 2004). Plaintiff complained that Assistant Store Manager Wayland had acted

16  inappropriately by staring at her bottom to Area HR Manager Toney and Store Manager Sadler,

17  after which Assistant Store Manager Wayland moved Plaintiff to a different assignment and

18  increasingly scrutinized her work. Plaintiff's complaint was rebuffed by HR Manager Smirnov,

19  who warned Plaintiff to be careful about making allegations of sexual harassment. Plaintiff

20  requested a special accommodation for bathroom breaks, which Defendant allowed, but that

21  _____

22      [3] And therefore, the Court need not analyze whether other adverse employment actions,
    such as Defendant's failure to reinstate Plaintiff, modification of Plaintiff's schedule, or issuing

23  arbitrary disciplinary write-ups for minor infractions, constitute discrete adverse employment
    actions as a matter of law.

24  ORDER ON DEFENDANT LOWE'S HOME
    CENTERS, LLC'S MOTION FOR SUMMARY
    JUDGMENT AND PLAINTIFF'S CROSS
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 11

1  subjected Plaintiff to criticism by other employees, including Area HR Manager Toney, who

2  encouraged Store Manager Sadler to issue an arbitrary disciplinary write-up. Area HR Manager

3  Toney and Store Manager Sadler were both involved in Plaintiff's termination several months

4  later, which shows some temporal proximity and may also support an inference of causation.

5      Next, the Court considers whether Defendant has met its burden to show a legitimate,

6  nondiscriminatory basis for termination, which it has. Defendant maintains that it terminated

7  Plaintiff for violating company policy, by accessing confidential documents and keeping copies

8  of them for her personal use, which is reflected in Defendant's termination paperwork.

9      Finally, the Court considers Plaintiff's burden to show pretext. This burden is satisfied on

10  the facts, where Defendant's reason for Plaintiff's termination was tenuous, and employees cited

11  different reasons for the termination. Preceding Plaintiff's termination was an investigation of

12  only Plaintiff for the anonymous letter incident, where Plaintiff denied writing the letters, but

13  Loss Prevention Investigator Clausen found Plaintiff's fits of coughing to be suspicious. Not

14  sufficiently connecting Plaintiff to the letters, Defendant then terminated Plaintiff for

15  photocopying confidential documents for personal use. Area HR Manager Toney, one of two

16  people who recommended Plaintiff's termination, testified that Plaintiff's photocopying conduct

17  violated an "ethical policy," but when pressed, she could not identify a specific policy and

18  instead cited to Plaintiff's "316 violation" for exhibiting unproductive behavior. She admitted to

19  having only a basic understanding of Plaintiff's role as a Receiving Clerk, which includes regular

20  access to confidential documents, and Plaintiff maintains that Clerk Beaulieu similarly

21  photocopied confidential documents but was not reprimanded. Store Manager Sadler, when

22  explaining to Plaintiff the basis for her termination, "stuck pretty close to the script," which

23

24  ORDER ON DEFENDANT LOWE'S HOME
CENTERS, LLC'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S CROSS
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 12

1  accused Plaintiff of "making photocopies of Lowe's proprietorship for your own personal file"

2  and made no mention of Plaintiff's lack of productivity.

3        Defendant urges the Court to consider Defendant's honest belief in its basis for

4  termination, which Defendant argues is supported by substantial evidence and rebuts Plaintiff's

5  *prima facie* showing. There are competing explanations, which are both supported by the record,

6  so this argument should be rejected.

7        Defendant's motion should be denied as to Plaintiff's WLAD retaliation claim.

8           *b.   Additional discrimination claim.*

9        Beyond Plaintiff's retaliation and hostile work environment claims, Plaintiff alleges an

10  additional WLAD claim for discrimination, which Plaintiff confirmed at oral argument will be

11  pursued under three alternative theories: unlawful termination (disability), unlawful termination

12  (gender), and refusal to reinstate (gender). Dkt. 98 at 33-35, 41, 42.

13        WLAD claims for discrimination apply the *McDonnell Douglas* burden shifting analysis,

14  which begins with Plaintiff's *prima facie* showing that (1) Plaintiff belongs to a protected class,

15  (2) Plaintiff was qualified for the position, (3) Plaintiff was subject to an adverse employment

16  action, and (4) that similarly situated employees outside the protected class were treated more

17  favorably. *Ellorin v. Applied Finishing, Inc.*, 996 F.Supp.2d 10170 (W.D.Wash. 2014).

18        The Court first considers Plaintiff's WLAD discrimination claim under an unlawful

19  termination theory. Defendant argues that this theory fails because Plaintiff cannot show that she

20  was "disabled" for WLAD purposes, but alternatively, Plaintiff cannot make a prima facie

21  showing of discrimination because she has not shown that anyone who played a role in her

22  termination had notice of a WLAD disability. Dkt. 76 at 24; Dkt. 118 at 17. Further, Defendant

23  argues, Defendant's stated reason for terminating Plaintiff's employment—photocopying

24  ORDER ON DEFENDANT LOWE'S HOME
    CENTERS, LLC'S MOTION FOR SUMMARY
    JUDGMENT AND PLAINTIFF'S CROSS
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 13

1   confidential documents for personal use—"is legitimate, nondiscriminatory, and has no logical

2   connection to Plaintiff's alleged disabilities," so there is no evidence of pretext. Dkt. 76 at 25,

3   26; Dkt. 118 at 17.

4       Plaintiff argues that Plaintiff's health condition satisfies the statutory definition of

5   "disability," where Plaintiff was diagnosed with depression, acute stress disorder and dysthymic

6   disorder due to work-related stress. Dkt. 98 at 42. Plaintiff points to correspondence between

7   Area HR Manager Toney, Store Manager Sadler, and Clerk Beaulieu that directly references

8   accommodating Plaintiff's FMLA leave as evidence that Defendant was on notice of Plaintiff's

9   disability. *Id*.

10      Beginning with Plaintiff's *prima facie* burden, the Court first weighs whether Plaintiff

11  has made any showing that her health condition is a "disability" for WLAD purposes, which

12  makes Plaintiff part of a protected class. The statute controls. RCW 49.60.040(7) defines

13  "disability" as "the presence of a sensory, mental, or physical impairment that: (i) is medically

14  cognizable or diagnosable; or (ii) exists as a record or history; or (iii) is perceived to exist

15  whether or not it exists in fact." "Impairment" includes "any mental . . . or psychological

16  disorder, including . . . emotional or mental illness[.]" *Id*. A reasonable juror could find that

17  Plaintiff's mental impairment— diagnosed depression, acute stress disorder and dysthymic

18  disorder falls within this definition.

19      The next two elements, Plaintiff's qualifications (e.g.- sixteen years of management

20  experience) and adverse employment action (e.g.- termination) are not reasonably disputed for

21  summary judgment purposes, assuming the facts in Plaintiff's favor. Finally, as to the last

22  element, a showing that similarly situated employees not disabled were treated more favorably,

23  Plaintiff has met her burden, considering the evidence most favorable to Plaintiff. Because of

24  ORDER ON DEFENDANT LOWE'S HOME
    CENTERS, LLC'S MOTION FOR SUMMARY
    JUDGMENT AND PLAINTIFF'S CROSS
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 14

1    Plaintiff's mental impairment, starting in March of 2012, it was recommended that for a period

2    of one year Plaintiff reduce her work hours and attend therapy, which was FMLA-protected

3    leave. Plaintiff's mental health condition required additional bathroom breaks, which Defendant

4    accommodated. In November of 2012, Clerk Beaulieu complained to Area HR Manager Toney

5    that Plaintiff was taking advantage of her FMLA breaks and accused Plaintiff of "teaching

6    FMLA classes, stealing company time and most recently leaving her keys in the lock . . . and

7    going to break without them." The complaint that resulted in a disciplinary write-up by Store

8    Manager Sadler for the keys infraction, but he did not write-up other Loss Prevention Manager

9    Tyson for the same conduct, even though he was apparently deserving. *Id*. Plaintiff, who had

10   been employed by Defendant for approximately a decade, was terminated by Defendant several

11   months later, in February of 2013, in a decision that involved the recommendation of Area HR

12   Manager Toney and a final decision by Store Manager Sadler. Plaintiff has satisfied her *prima*

13   *facie* burden.

14          Analysis of whether Defendant has met its burden to show a legitimate,

15   nondiscriminatory basis for Plaintiff's termination and whether Plaintiff has met her burden to

16   show pretext, resembles the analysis that the previously Court engaged in at length for the

17   WLAD retaliation claim. *See above*. The Court need not rehash this analysis, and concludes that

18   both parties met their respective burdens of production as to steps two and three in the

19   *McDonnell Douglas* burden shifting test.

20          The Court need not address Plaintiff's remaining two theories, unlawful termination

21   (gender) and failure to reinstate (gender), because issues of fact as to the unlawful termination

22   (disability) theory preclude summary judgment and dismissal of the claim.  Defendant's motion

23   should be denied as to Plaintiff's additional WLAD discrimination claim.

24   ORDER ON DEFENDANT LOWE'S HOME
     CENTERS, LLC'S MOTION FOR SUMMARY
     JUDGMENT AND PLAINTIFF'S CROSS
     MOTION FOR PARTIAL SUMMARY
     JUDGMENT- 15

        *c.   Hostile work environment claim.*

        Under Washington law, the prima facie hostile work environment claim requires a

showing that: (1) the harassment was unwelcome, (2) the harassment was because of

membership in a protected class, (3) the harassment affected the terms and conditions of

employment, and (4) the harassment is imputable to the employer. *Antonius v. King Cty.*, 153

Wn.2d 256, 261 (2004), citing to *Glasgow v. Ga–Pac. Corp.,* 103 Wn.2d 401, 406–07 (1985).

The third element requires that the harassment be "sufficiently pervasive so as to alter the

conditions of employment and create an abusive working environment[,] ... to be determined

with regard to the totality of the circumstances." *Id.* All acts alleged to constitute the hostile work

environment "must have some relationship to each other . . . and if there is no relation, or if 'for

some other reason, such as certain intervening action by the employer' the act is 'no longer part

of the same hostile environment claim, then the employee cannot recover for the previous

acts[.]'" *Antonius*, 153 Wn.3d at 271, quoting *R.R. Passenger Corp. v. Morgan,* 536 U.S. 101,

120 (2002). When evaluating sex discrimination, the work environment is viewed from the

perspective of a reasonable woman. *Ellison v. Brady*, 924 F.2d 872, 879 (9th Cir. 1991).

        Plaintiff's Response enumerates the sequence of acts alleged, starting in 2009 and

continuing until Plaintiff's termination in February of 2013, and argues that the acts, which were

unwelcome, severe and pervasive, and based on Plaintiff's sex/gender, collectively constitute

"one unlawful employment practice" under *Morgan* and *Antonius*. Dkt. 98 at 27-31.

        Defendant argues that the 2009 incidents, which stemmed from Plaintiff's pregnancy,

have no connection to the 2011-2012 incidents and should be barred by the statute of limitations.

Dkt. 76 at 18. The remaining 2011-2012 incidents, Defendant contends, either do not amount to

severe and pervasive conduct or are not made on the basis of Plaintiff's gender. *Id*. at 18-21.

1    Much of what Plaintiff represents happened relates to Plaintiff's pregnancies, which

2    occurred prior to August of 2011 and fall outside the statute of limitations unless related to an act

3    or acts that occurred within the statute of limitations. *Antonius*, 153 Wn.3d at 264. *See Adler v.*

4    *Fred Lind Manor*, 153 Wn.2d 331 (2004). The key consideration then, is the sufficiency of what

5    occurred after August of 2011. Plaintiff's deposition testimony articulates the following

6    sequence of incidents, which started in October of 2011: on one occasion Assistant Store

7    Manager Wayland stared at Plaintiff's behind in the presence of Clerk Beaulieu, and on multiple

8    occasions he glared at Plaintiff and followed her around the store; on at least two occasions

9    Assistant Store Manager Wayland "sat close" to Plaintiff in the receiving room, forcing Plaintiff

10   to brush up against him; Plaintiff reported Assistant Store Manager Wayland's conduct to Area

11   HR Manager Toney and Store Manager Sadler; following Plaintiff's complaint, Assistant Store

12   Manager Wayland increasingly and unfairly scrutinized Plaintiff's work performance and

13   changed her job responsibilities; HR Investigator Childress conducted a lackluster investigation

14   of Plaintiff's HR complaint; and Plaintiff complained to HR Investigator Childress in writing

15   that harassment continued, but he referred Plaintiff back to her store management. Plaintiff's

16   deposition testimony is substantiated in part by HR Investigator Childress' report, as well as the

17   series of emails written or drafted by Plaintiff. *See* Dkt. 99 at 201-220.

18   Assuming these facts, Plaintiff has shown an issue of material fact as to each element for

19   the *prima facie* case for a hostile work environment. The acts by Plaintiff's Assistant Store

20   Manager Wayland were unwelcome by Plaintiff. The acts, if not explicitly sexist, can reasonably

21   viewed as sexist in light of his other acts when viewed in the light most favorable to Plaintiff, so

22   the second element, protected class, is satisfied. Defendant's conduct affected Plaintiff's

23   conditions of employment, for example, where Defendant scrutinized Plaintiff's work and

24   ORDER ON DEFENDANT LOWE'S HOME
CENTERS, LLC'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S CROSS
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 17

1  changed her responsibilities, which satisfies the third element. Finally, the acts should be

2  imputable to Defendant, where they involved HR and persons with authority over Plaintiff and

3  HR arguably did not adequately respond to Plaintiff's complaints. Plaintiff has made a sufficient

4  showing that a reasonable trier of fact could conclude that Plaintiff suffered gender

5  discrimination based on a hostile work environment.

6  Because Defendant's summary judgment motion can be resolved based solely on alleged

7  acts that occurred after August of 2011, the Court need not analyze the relatedness of acts prior

8  to that date, and this opinion makes no comment on their admissibility at trial.

9  Defendant's motion should be denied as to Plaintiff's WLAD hostile work environment

10 claim.

11  2. <u>FMLA/WFLA claims</u>

12  The Court analyzes Plaintiff's FMLA and WFLA claims together, because "the WFLA

13 mirrors its federal counterpart and provides that courts are to construe its provisions in a manner

14 consistent with similar provisions of the FMLA." *Washburn v. Gymboree Retail Stores, Inc.*,

15 2012 WL 5360978, *7, 2012 U.S. Dist. LEXIS 156240, *21 (W.D.Wash.2012); *Crawford v. JP

16 Morgan Chase NA*, 983 F. Supp. 2d 1264, 1269 (W.D.Wash.2013).

17  The FMLA serves several purposes, including safeguarding employees' right to take

18 medical leave. *See* 29 U.S.C. § 2601(b). "[T]he FMLA creates two interrelated, substantive

19 employee rights: first, the employee has a right to use a certain amount of leave for protected

20 reasons, and second, the employee has a right to return to his or her job or an equivalent job after

21 using protected leave." *Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011). *Sanders*

22 recognizes "two very different ways to protect these substantive rights" within the Ninth Circuit,

23 under either a theory of discrimination or interference. *Id*. Plaintiff alleges both, Dkt. 98 at 36-42.

24  ORDER ON DEFENDANT LOWE'S HOME
CENTERS, LLC'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S CROSS
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 18

1    Interference claims, also known as an entitlement claims in the FMLA context, are

2    actionable where employees "simply take FMLA leave and as a consequence are subjected to

3    unlawful actions by the employer[.]" *Xiu Liu v. Amway Corp*., 347 F.3d 1125, 1133 (9th Cir.

4    2003). As a result, "employers cannot use the taking of FMLA leave as a negative factor in

5    employment actions." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d at 1122, (quoting 29 C.F.R. §

6    825.220(c)). A plaintiff may prove interference by circumstantial and direct evidence.[4] *Sanders*,

7    657 F.3d at 778.

8    Plaintiff argues that her FMLA leave was a negative factor in two employment actions, a

9    November 2012 disciplinary write-up by Store Manager Sadler and her employment termination.

10   Dkt. 98 at 36-40. Plaintiff points to Loss Prevention Manager Tyson, who showed animus

11   towards Plaintiff for taking FMLA leave by her derogatory comments. Plaintiff also points to an

12   email from Clerk Beaulieu to Area HR Manager Toney, where Clerk Beaulieu states, "I know

13   that everyone's "hands are tied" when it comes to any issue with [Plaintiff] . . . . [but] one can

14   still be held accountable with an FMLA[,]" after which AHRM Toney directed Store Manager

15   Sadler to "get some resolution" and have a conversation with Plaintiff. Dkt. 99 at 231-235.

16   According to Plaintiff, the conversation upset Plaintiff, and the situation ultimately resulted in

17   Store Manager Sadler's November 2012 write-up of Plaintiff for leaving a store key in an

18   insecure location, an infraction for which Store Manager Sadler did not also cite Loss Prevention

19   Manager Tyson. *Id*. Finally, Plaintiff points to the declaration of Store Manager Janel Rinehart, a

20   who worked with Area HR Manager Toney and Division Manager Shaw at a different Lowe's

21

22   ───────────────────

23      [4] Unlike WLAD claims, FMLA interference claims do not employ application of
*McDonnell Douglas* burden-shifting test. *See, e.g., Sanders*, at 777-79.

24   ORDER ON DEFENDANT LOWE'S HOME
CENTERS, LLC'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S CROSS
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 19

1   store and observed them both make inappropriate comments about people using with disabilities

2   or exercising FMLA leave. Dkt. 98 at 37.

3        Defendant argues that Ms. Rinehart's declarations are inadmissible on multiple grounds.

4   Dkt. 118 at 15. Defendant also contends that the November 2012 write-up cannot give rise to an

5   interference claim because it did not cause a material change to Plaintiff's terms and conditions

6   of employment, and the employment termination cannot give rise to an interference claim

7   because there is no logical connection between Plaintiff's FMLA leave and Plaintiff's

8   termination for copying confidential documents for personal use. *Id.*

9        It does not appear that Defendant disputes that Plaintiff took FMLA leave, so the primary

10  question is whether Plaintiff has made a showing that FMLA leave was a negative factor in an

11  employment action, which may be shown by circumstantial evidence. Based on the November

12  2012 email exchange between Store Manager Sadler and Area Manager Toney, Plaintiff has met

13  her burden, because as discussed above, Store Manager Sadler admittedly wrote-up only

14  Plaintiff, not another employee. Area HR Manager Toney was one of two people who made the

15  recommendation that Plaintiff be terminated in February of 2013, a final decision arguably made

16  by Store Manager Sadler. Considering these facts, and making inferences in Plaintiff's favor,

17  material facts exist as to whether Defendant interfered with Plaintiff's rights under the FMLA

18  and WFLA.

19       Because the Court resolves Defendant's motion on Plaintiff's interference theory alone,

20  the Court need not address Plaintiff's discrimination theory. Defendant's motion should be

21  denied as to these claims.

22

23

24  ORDER ON DEFENDANT LOWE'S HOME
    CENTERS, LLC'S MOTION FOR SUMMARY
    JUDGMENT AND PLAINTIFF'S CROSS
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 20

**B.  Plaintiff's Claim for Punitive Damages**

Beyond seeking summary judgment of all claims, Defendant requests that Plaintiff be precluded from seeking punitive damages on all claims. Dkt. 76 at 30. Defendant cites authority in support of its argument that neither the WLAD, the FMLA, nor the WFLA allow for an awarding of punitive damages. *Id.*, citing to *Farrell v. Tri-City Metro. Transp. Dist. of Or.*, 530 F.3d 1023, 1025 (9th Cir.2008) (FMLA), *Arthur v. Whitman Cty.*, 24 F.Supp.3d 1024, 1038 n.9 (E.D. Wash.2014) (WLAD), and RCW 49.78.330 (WFLA). Plaintiff does not respond to Defendant's argument and does not offer any authority to the contrary. *See* Dkt. 98. Therefore, Defendant's motion should be granted as to this request. Plaintiff should be precluded from seeking punitive damages.

**C.  Defendant's Defenses**

1.  Failure to mitigate.

Plaintiff cites *Burnside v. Simpson Paper Co.*, 66 Wn.App. 510 (Div. I, 1995) for the proposition that for Defendant to invoke a failure to mitigate defense, Defendant must make a showing as to two elements: (1) that Plaintiff failed to make diligent efforts to seek comparable employment, and (2) that there were substantially comparable jobs available. Dkt. 98 at 43. Plaintiff's Reply argues that Defendant's Response did not raise an issue of material of fact as to either element, and that Defendant's Response made no effort to address the second element. Dkt. 124 at 12.

Defendant's argues that there is at least an issue of material fact as to the diligence of Plaintiff's efforts to find equivalent employment, where Plaintiff moved from the Portland, Oregon metropolis to Orting, Washington and took a lower-paying job for less hours per week. Dkt. 118 at 23.

ORDER ON DEFENDANT LOWE'S HOME CENTERS, LLC'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT- 21

1    Defendant has raised an issue of fact about the diligence of Plaintiff to obtain

2    substantially equivalent employment. Defendant has not raised an issue of material fact as to

3    whether comparable employment was available, but it appears that some courts have overlooked

4    the second element where its application may not have squarely fit the facts in the case. *See, e.g.,*

5    *Wurts v. City of Lakewood*, 2015 WL 1954663 (W.D.Wash.2015) (employee no longer

6    employable); *Caudle v. Bristow Optical Co., Inc.* 224 F.3d 1014, 1020 (9th Cir. 2000) (employee

7    left the workforce). *But see also*, *Sias v. City Demonstration Agency*, 588 F.2d 692, 696 (9th Cir.

8    1978); *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995). Given that Defendant

9    alleges that Plaintiff moved locations from a metropolis to a rural location following her

10   termination, requiring Defendant to make a showing of comparable jobs could quickly lead the

11   parties far astray from Plaintiff's claims. At this stage in the litigation the Court is unwilling to

12   grant Plaintiff's motion, but the Court anticipates the issue may ripe for argument at trial.

13   As to this defense, Plaintiff's motion should be denied without prejudice. The defense

14   should not be stricken.

15   2.   *Faragher/Ellerth.*

16   Defendant concedes that this defense is not applicable. Dkt. 118 at 25. As to this defense,

17   Plaintiff's motion should be granted. This defense should be stricken.

18   3.   Same decision.

19   According to Plaintiff, there is no "same decision" defense to WLAD claims. Dkt. 98 at

20   47, 48; Dkt. 124 at 10. Plaintiff cites *Allison v. Housing Auth.*, 118 Wn.2d 79, 86 (1991) and

21   *MacKay v. Acorn Custom Cabinetry, Inc.*, 127 Wn.2d 302, 308-12 (1995). Under Plaintiff's

22   theory, once Plaintiff proves that her protected status was a substantial factor in Defendant's

23

24   ORDER ON DEFENDANT LOWE'S HOME
     CENTERS, LLC'S MOTION FOR SUMMARY
     JUDGMENT AND PLAINTIFF'S CROSS
     MOTION FOR PARTIAL SUMMARY
     JUDGMENT- 22

1  adverse employment actions, Plaintiff is entitled to full recovery of damages for a WLAD claim,

2  unlike a Title VII claim, which may be reduced by order of a federal statute.

3      Defendant argues that *Davis v. Dep't of Labor and Industries*, 94 Wn.2d 119 (1980), still

4  controls as to the issue of damages and was not overruled by *Allison* and *MacKay*. Under *Davis*,

5  Defendant contends, even where a plaintiff has made a showing of liability, a defendant can

6  defend against recovery by showing by clear and convincing evidence that the defendant would

7  have reached the same employment decision even if it had not discriminated. Plaintiff would be

8  precluded from damages, her remedy limited to attorney's fees and costs. *See also*, *Conti v.*

9  *Corp. Servs. Grp., Inc.*, 30 F.Supp. 3d 1051, 1066 (W.D.Wash.2014) (extensive discussion of

10  why *Allison* and *MacKay* did not overrule *Davis*).

11      This Court concurs with the opinion in *Conti*. While *Allison* and *MacKay* arguably hint

12  that *Davis* may be overruled, they did not expressly overrule *Davis*, and it remains good law.

13  Defendant may raise the same decision defense at trial. As to this defense, Plaintiff's motion

14  should be denied. The defense should not be stricken.

15      4.  Waiver.

16      Plaintiff argues that Defendant cannot produce any evidence that Plaintiff waived any of

17  her claims. Dkt. 98 at 48. Defendant's Response argues that Plaintiff waived her "failure to

18  reinstate" claim by failing to plead it. Dkt. 118 at 21. *See* Dkt. 118 at 8, 9. Plaintiff's Reply

19  argues that (1) Defendant had fair notice of the claim based on the Complaint, which gave

20  Defendant notice of discrimination in violation of the WLAD, and the First Amended Complaint,

21  which alleged that Plaintiff was demoted in 2010 due to her pregnancy and that Defendant

22  engaged in ongoing acts of discrimination; and (2) Defendant conducted discovery relating to

23  Plaintiff's reinstatement.

24  ORDER ON DEFENDANT LOWE'S HOME
CENTERS, LLC'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S CROSS
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 23

1    The First Amended Complaint gave Defendant sufficient notice of a failure to reinstate

2  theory of gender discrimination in violation of the WLAD. Defendant conducted discovery on

3  the issue, Dkt. 99 at 59, and has made no showing that allowing Plaintiff to proceed on the

4  theory causes Defendant prejudice.

5    As to this defense, Plaintiff's motion should be granted. The defense should be stricken.

6    5.  Laches.

7    Plaintiff argues that the defense of laches does not apply, because Defendant has unclean

8  hand and because Defendant waited three years after Plaintiff's 2010 demotion to fire her. Dkt.

9  98 at 52. Plaintiff also argues that there is no issue of material fact as to whether Plaintiff

10  unreasonably delayed asserting her rights against Defendant, since the records shows that

11  Plaintiff repeatedly complained of discrimination. *Id.*

12    Defendant argues that if the statute of limitations has not run on Plaintiff's 2008 claims,

13  the defense of laches is warranted, because there is at least an issue of material fact as to whether

14  Plaintiff unreasonably delayed in filing suit. Dkt. 118 at 22.

15    To prevail on this defense at trial, an employer must make a showing of (1) a lack of

16  diligence by an employee, and (2) prejudice to the employer. *Morgan*, 536 U.S. at 121. After

17  reciting both elements, Defendant curiously provides no argument and makes no showing as to

18  prejudice suffered. *See* Dkt. 118 at 22, 23. As to this defense, Plaintiff's motion should be

19  granted. The defense should be stricken.

20    6.  Estoppel.

21    Plaintiff argues that Defendant has not met its burden to produce evidence to show that

22  estoppel applies. Dkt. 98 at 49. Defendant argues that the estoppel defense is applicable to

23  Plaintiff's inconsistent positions about when Defendant anticipated litigation, either April 25,

24  ORDER ON DEFENDANT LOWE'S HOME
CENTERS, LLC'S MOTION FOR SUMMARY
JUDGMENT AND PLAINTIFF'S CROSS
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 24

1   2013, when Plaintiff's attorney served a demand letter on Defendant, or a date prior to February

2   21, 2013, when Defendant terminated Plaintiff's employment. Dkt. 118 at 22. Plaintiff's Reply

3   argues that Plaintiff's position about anticipating litigation was based on Defendant's

4   representations and on the discovery Plaintiff possessed at that time, and that Defendant also

5   took inconsistent positions about the same issue.  Dkt. 124, at 11.

6       The parties made the same arguments when litigating Plaintiff's Motion for Sanctions and

7   for Defendant's Willful Spoliation of Evidence. *See* Dkts. 81, 93, 115, 117. The Court resolved

8   that motion and considered the parties' arguments, so the issue need not be re-litigated.

9   Defendant raises no other theory for its estoppel defense. *See* Dkt. 118. As to this defense,

10  Plaintiff's motion should be granted. The defense should be stricken.

11      7.  Failure to exhaust administrative remedies.

12      Defendant concedes that this defense is not applicable. Dkt. 118 at 25. As to this defense,

13  Plaintiff's motion should be granted. This defense should be stricken.

14                          IV.    ORDER

15      Therefore, it is HEREBY ORDERED:

16  (1) Defendant Lowe's Home Centers, LLC's Motion for Summary Judgment (Dkt. 76) is
        GRANTED IN PART and DENIED IN PART as follows:
17

18          DENIED as to Plaintiff's WLAD retaliation claim.

19          DENIED as to Plaintiff's additional WLAD discrimination claim.

20          DENIED as to Plaintiff's WLAD hostile work environment claim.

21          DENIED as to Plaintiff's FMLA claim.

22          DENIED as to Plaintiff's WFLA claim.

23          GRANTED as to all other claims. To the extent Plaintiff alleges other
            claims, they are dismissed.

24  ORDER ON DEFENDANT LOWE'S HOME
    CENTERS, LLC'S MOTION FOR SUMMARY
    JUDGMENT AND PLAINTIFF'S CROSS
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 25

GRANTED as to Plaintiff's request for punitive damages. Plaintiff shall be precluded from seeking punitive damages at trial.

(2) Plaintiff Marla Moore's Cross Motion for Partial Summary Judgment (Dkt. 98) is GRANTED IN PART and DENIED IN PART as follows:

DENIED as to Defendant's failure to mitigate defense. The defense is not stricken.

Granted as to Defendant's *Faragher/Ellerth* defense. The defense is stricken.

DENIED as to Defendant's same decision defense. The defense is not stricken.

Granted as to Defendant's waiver defense. The defense is stricken.

Granted as to Defendant's laches defense. The defense is stricken.

Granted as to Defendant's estoppel defense. The defense is stricken.

Granted as to Defendant's failure to exhaust administrative remedies defense. The defense is stricken.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd  day of July, 2016.

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT LOWE'S HOME CENTERS, LLC'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT- 26